IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF ALASKA

IN THE MATTER OF THE ARREST OF

Brady Grimes

Case No.: 4:20-mj-00020-SAO

## AFFIDAVIT OF BYRON R. JOHNSON II IN SUPPORT OF COMPLAINT

1. I, Byron R. Johnson, am a North Slope Borough Police Detective and Task Force Officer with the Drug Enforcement Administration (DEA), in the Fairbanks, Alaska (AK), Post of Duty, and in that capacity declare and state as follows:

2. I have been employed as a Police Detective Since 2016 and a Task Force Officer with DEA since February 2017. I have personally participated in numerous investigations involving illegal drugs, money laundering, and other drug trafficking related criminal violations. I have also reviewed reports of investigations concerning these offenses, which were prepared by Special Agents of DEA and other law enforcement agencies.

3. As part of my duties as a Task Force Officer, I investigate drug trafficking organizations, including their smuggling routes and the techniques that they use for transporting controlled substances such as marijuana, cocaine, methamphetamine, and heroin. My duties include investigating drug trafficking organizations, interviewing witnesses, victims and suspects, identifying people

Affidavit in Support of Complaint
USA v. Brady Grimes, 4:20-mj-00020-SAO
Page 1 of 5

Case 4:20-mj-00020-SAO   Document 1-1   Filed 04/16/20   Page 1 of 5

involved, developing probable cause for cases, handling and processing various types of evidence, and assembling cases for prosecution. I have conducted and/or participated in numerous investigations relating to the use, possession, manufacture, and trafficking of controlled substances, and I have become familiar with devices, paraphernalia, techniques, and practices used by people engaged in the use, possession, manufacture, and trafficking of controlled substances. I have also conducted and/or participated in investigations which have resulted in the seizure of marijuana, marijuana grow operations, cocaine hydrochloride, cocaine base (crack cocaine), opium, heroin, methamphetamine, methlenedioxymethamphetamine (MDMA/ecstasy), prescription medications, firearms, cellular phones, surveillance systems, cameras, memory cards, computers, documents, money, and precious metals. I have also conducted numerous interviews of people involved in the use, possession, manufacture, and trafficking of controlled substances which have added to my knowledge of the illegal drug culture that exists throughout the United States.

4. The information contained below is from my personal knowledge, from other law enforcement agents and officers, or from specific sources as set forth. The information below is a summary and does not contain every fact known about the investigation. The information below is known by me by virtue of my participation in the below summarized investigation as well as communications with other participating law enforcement agents.

Affidavit in Support of Complaint
USA v. Brady Grimes, 4:20-mj-00020-SAO
Page 2 of 5

Case 4:20-mj-00020-SAO   Document 1-1   Filed 04/16/20   Page 2 of 5

5. On April 12th, 2020 at 1:47am, North Slope Borough Police Department Detective Martin Peterson was dispatched to Samuel Simmonds Memorial Hospital (SSMH) in reference to speak to William EDWARDSEN who had been transported to the hospital for an overdose around 12:41 a.m. the same day.

6. EDWARDSEN told Det. Peterson that he purchased heroin from Brady GRIMES and Dave MURPHY. EDWARDSEN stated that there was a large amount of methamphetamine in Barrow. EDWARDSEN stated he knew this because he had seen around a quarter pound of meth while riding in a MURPHY's Red Chevrolet with GRIMES.

7. EDWARDSEN stated that the drugs were mostly kept at GRIMES' and MURPHY's residence. EDWARDSEN knew the crystal substance was in fact meth because EDWARDSEN smoked some of it in the truck with GRIMES and MURPHY

8. On Sunday, April 12, 2020 at around 7:29am, a search warrant issued in state court was executed on GRIMES' residence. Officers detained GRIMES immediately entering into the residence. Located beside GRIMES was two loaded AR-15 Rifles. Two children were also located inside the residence.

9. During the search of the residence Officers seized ballistic body armor and 31 firearms, some of which were loaded and unsecured. Officers believed them to be strategically placed around the house. Officers also recovered 2x2 baggies commonly used for distribution of controlled substances, white unidentifiable pills and $10,371.00 USD in cash.

Affidavit in Support of Complaint
USA v. Brady Grimes, 4:20-mj-00020-SAO
Page 3 of 5

Case 4:20-mj-00020-SAO   Document 1-1   Filed 04/16/20   Page 3 of 5

10. The rifle located closest to GRIMES when he was detained was a Palmetto State Armory PA-15 with a barrel length of 10.5 inches and a overall length of 25.25 inches making it a Short Barrel Riffle (SBR) which requires a federal license to possess.

11. One of the firearms recovered from the bedroom was also a NFA restricted. This particular firearm is designated as a "Whaling gun" for official use as a whaling team member to kill a whale during whaling season. This firearm is designed to fire an explosive device into the skull of a whale and detonate. GRIMES is not Alaska Native nor does he possess the proper paperwork to possess it.

12. Upon search of the shed located by the residence, Officers located measuring cups, a large Pyrex dish, and multiple Ziploc-style sandwich bags containing a white crystalline substance that later field tested positive for methamphetamine. The net weight of unpackaged methamphetamine was 39.6 grams. Two other plastic baggies containing methamphetamine were weighed without removing the methamphetamine from the package to avoid loss of evidence: the gross weight of the methamphetamine and packaging was 5.6 grams. Based on my training and experience, little of this weight could be attributed to the packaging. In addition, officers located a loaded S&W .357 revolver located just a foot away. Officers also recovered sale and distribution material such as packaging, scales and cell phones along with paraphernalia such as pipes, needles and syringes.

Affidavit in Support of Complaint
USA v. Brady Grimes, 4:20-mj-00020-SAO
Page 4 of 5

Case 4:20-mj-00020-SAO   Document 1-1   Filed 04/16/20   Page 4 of 5

13. Based upon my training and experience and the aforementioned investigation, probable cause exists that Brady GRIMES is in violation of 21 U.S.C. § 841(a)(1). This statute prohibits knowingly or intentionally manufacturing, distributing, dispensing, or possessing with the intent to manufacture, distribute, or dispense controlled substances, including methamphetamines.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED at Fairbanks, Alaska, this 15th day of April, 2020.

_____
Byron R. Johnson II
Task Force Officer, DEA

~~SUBSCRIBED AND~~ SWORN to before me this 16th day of ____April____, 2020

_____
Scott A. Oravec
U.S. Magistrate Judge
Hon. Magistrate Judge

Affidavit in Support of Complaint
USA v. Brady Grimes, 4:20-mj-00020-SAO
Page **5** of **5**